ALEXANDER WHITTEMORE, Respondent, v. ROBERT C. ELLIOTT, JOHN J. TROWBRIDGE and WILLIAM JENNINGS, Appellants.

WILLIAM JENNINGS and others, Appellants, v. ROBERT C. ELLIOTT and others, Respondents.

*Infancy — Partnership — assets of — marshalling of.*

In an action against copartners for a partnership debt, where judgment is rendered in favor of two of the members of the firm, on the ground that the debt was contracted during their infancy, and against the remaining adult member, *held*, that the judgment against the adult member of the firm was a partnership liability so far as to make the moneys and property of the firm applicable toward its payment.

Partnership creditors have a lien in equity on the partnership property, but where there is not enough to pay all in full each must, whether he is a judgment creditor or creditor at large, take his pro rata share of it so far as relates to the personalty.

APPEAL from an order of the Special Term, providing for the disposition of partnership property in the hands of a receiver.

*D. Baldwin,* for the appellants.

*J. A. Hathway,* for the respondents.

MULLIN, P. J.:

Robert C. Elliott, John J. Trowbridge and William Jennings, were copartners at the city of Oswego, under the name of Robert C. Elliott & Co.

The firm became indebted to Alexander Whittemore and divers other persons, for money lent and goods, etc., sold to said firm.

The said creditors brought actions against the partners to recover such indebtedness. The defendants Trowbridge and Jennings defended several of said actions, setting up their infancy as a defense.

On the trial of said actions verdicts were given in favor of the plaintiffs against Elliott, and in favor of the other defendants, on the ground that they were minors when the debt was contracted.

In several other cases Trowbridge and Jennings did not plead infancy, and judgment passed against them and Elliott, for said several debts.

J. M. Casey was appointed receiver of the property and effects of said firm. He was required by an order of the court to report the result of the proceedings before him, with a statement of the debts of the said firm which in his opinion had been legally established, and the amount each individual creditor is entitled to receive from the funds in his hands, subject to the expenses of the receivership and such other charges as might be directed by the court to be paid.

The receiver in obedience to said order reported that the counsel for the several judgment creditors appeared before him, and proved the recovery of judgments against all of the partners by the production of the judgment rolls, but no documentary evidence was offered as to the other judgments.

The recovery of the other judgments in the other cases was conceded on the hearing.

The receiver reported that he had received from the county treasurer $875.41, out of which he paid to the attorney for Sanford and others, on their judgment against Elliott and in favor of Trowbridge and Jennings, by order of the court, $200.18. He further reported that he had no other assets in his hands.

He further reported that, although four of the judgments recovered against Elliott alone were for goods, etc., sold to the firm, or for money lent to it, yet, as Trowbridge and Jennings had judgments in their favor in said actions, they could not be allowed as debts legally established against the firm. That, however meritorious the consideration of the said judgment might be, having been disaffirmed by Jennings and Trowbridge, two of said firm, and their non-liability established by judgment in their favor, on the ground of infancy, they were to be treated as judgments against Elliott and not against the firm. He further held that the plaintiff, in the judgment against all of the partners, was alone entitled to share in the funds in his hands.

On the coming in of said report a motion was made, I infer from the papers, to confirm it, which was opposed by the counsel for the creditors having judgment against Elliott alone. The court

made an order that the said report be sent back to the receiver, with directions to distribute the assets in his hands as follows: First, to pay firm creditors, in the order in which said creditors obtained their liens; afterward, to other partnership creditors, in the order of their dates; afterward, among the individual creditors, *pro rata*, and in the order in which they obtained their liens. And that, in making such distribution, the judgments in the report of the receiver, against the individual members of the firm, in the cases in which infancy was pleaded and sustained, be considered as firm debts; and that the judgment in favor of Whittemore against Elliott, in which there was judgment in favor of Trowbridge and Jennings, on the ground of infancy, be considered the individual debt of Elliott. This judgment was recovered upon a note made by Elliott in the firm name. From this order the creditors who have judgment against all the members of the firm appealed to this court.

Although I do not think the order appealed from is appealable, as it refers the report back to the receiver for further hearing, and to take further proof, yet, as the question whether the plaintiffs, in the judgments against Elliott alone, in which the other defendants had judgment in their favor on the ground of infancy, are entitled to share in the funds in the hands of the receiver as firm creditors, is distinctly presented, it may as well be disposed of on this appeal as after the report of the receiver comes in, giving effect to the instructions contained in the order now before us.

Trowbridge and Jennings, the minors, have never repudiated, nor been in any way relieved from the contract between them and Elliott to form a copartnership, by virtue of which they became entitled each to one-third of the copartnership property, and to one-third of the profits if any made in the business.

While that contract is in force Elliott had the right to demand that the property of the firm shall be applied to the payment of the partnership liabilities, and that each partner shall contribute his *pro rata* share to the payment of any indebtedness remaining after applying the partnership property.

When the minors succeeded in establishing that they were under the age of twenty-one years when the debts were contracted, for the recovery of which actions were brought against them, they relieved themselves and their individual property from liability for

such debts, but the adult partner and the partnership property remained liable for such debts. Until they were released from the partnership agreement, their interest in the property was, in equity, chargeable with the partnership debts.

Elliott has the right, if the copartnership creditors have not, to require the appropriation of the joint property to the payment of the joint liabilities, as the moneys in the receiver's hands are the avails of the sales of the partnership property, on which the creditors have acquired no legal lien. Partnership creditors are only entitled to share pro rata in such avails, and are not entitled to payment in the order in which their judgments were recovered.

Had the moneys been the proceeds of real estate, on which the creditors had acquired liens by judgment, a different rule would be applied.

The partnership creditors have a lien in equity on the partnership property, but when there is not enough to pay all in full, each must take his pro rata share of it.

The order appealed from does not carry into effect the equitable rule, but, on the contrary, manifestly violates it.

The order of the Special Term must be reversed, and an order entered directing the receiver to pay all the partnership debts pro rata, including those cases in which judgment passed against defendant Elliott alone, and excepting the debt which the order appealed from declares to be the debt of Elliott alone. That part of the order not being appealed from, is not reversed.

The receiver will pay to the appellant, out of the moneys in his hand, ten dollars as costs of this appeal.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Order reversed, and order directed requiring receiver to pay partnership debts, as per opinion of MULLIN, P. J., and to pay appellant's counsel ten dollars costs of the appeal and his disbursements.